# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**HERBERT QUADE,**

    **Plaintiff,**

    v.                                      Case No. 11-CV-733

**DAVID BETH,**
**KENOSHA COUNTY JAIL HEALTH SERVICE UNIT,**
**JOHN DOE, Doctors at Kenosha County Jail,**
**JANE DOE, Nurses at Kenosha County Jail,**
**and KENOSHA COUNTY JAIL,**

    **Defendants.**

---

## DECISION AND ORDER

Plaintiff, who is incarcerated at the Kenosha County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He paid the full filing fee.

Regardless of plaintiff's fee status, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, plaintiff arrived at the Kenosha County Jail on April 29, 2011, with prescribed medication for his serious mental health issues, namely, bipolar disorder and depression. At some point, plaintiff ran out of medication and requested a refill, but half of the refill was not given to him. Defendants refuse to allow plaintiff to have his medication and will not let him see a psychiatrist. Plaintiff's depression is deepening. He filed grievances but received no response. Plaintiff asked guards and nurses for his medication but they either ignored him or instructed him to have his family bring it to the Jail.

Plaintiff claims that defendants' deliberate denial of his medically prescribed bipolar and depression medication, and their denial of access to a psychiatrist constitutes deliberate indifference to a serious medical need. He also advances a state law medical malpractice claim. Plaintiff seeks injunctive relief and compensatory damages.

It appears that plaintiff is a pretrial detainee, in which case his deliberate indifference claim arises under the Due Process Clause of the Fourteenth Amendment, and not the Eighth Amendment standard applicable to convicted prisoners. See Grieveson v. Anderson, 538 F.3d 763, 771-72 (7th Cir. 2008) (citations omitted). Either way, the inquiry under both provisions is virtually the same. Id. at 772 (citing Guzman v. Sheahan, 495 F.3d 852,856

3

(7th Cir. 2007); Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000) (noting that there is "little practical difference between the two standards")). To state a deliberate indifference claim in this context, plaintiff need only allege that a Jail official responded with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A mental illness requiring treatment has been recognized as a serious medical need, see Sanville v. McCaughtry, 266 F.3d 724, 734 (7th Cir. 2001), and an official's failure to follow treatment a doctor has deemed necessary may constitute deliberate indifference, see Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996).

Plaintiff may proceed on a deliberate indifference to a serious medical need claim under the Fourteenth Amendment. He may also proceed on a Wisconsin state law medical malpractice claim. See 28 U.S.C. § 1367(a). However, defendant Kenosha County Jail Health Service Unit and Kenosha County Jail will be dismissed because these entities are not "persons" under § 1983. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Finally, plaintiff will need to use discovery to identify the names of the John and Jane Doe defendants.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants Kenosha County Jail Health Service Unit and Kenosha County Jail are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff serve upon defendant David Beth a copy of the complaint, a waiver of service form, and/or summons, and a copy of this order.

4

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2011.

s/_____
LYNN ADELMAN
District Judge